MING HE DU, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–2529–ag.

United States Court of Appeals, Second Circuit.

Dec. 6, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Peggy Morris Ronca, Judy K. Hunt, Assistant United States Attorneys, Tampa, FL, for respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming He Du, a native and citizen of China, has filed a petition for review of a May 18, 2006, order of the BIA affirming the January 13, 2005, decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying his application for adjustment of status and motion to reopen his asylum proceedings. *In re Ming He Du,* No. A75 565 761 (B.I.A. May 18, 2006); *aff'g* No. A75 565 761 (Immig. Ct. N.Y. City Jan. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

■ The government argues that this Court is unable to review the IJ's determination that Du's marriage certificate was fraudulent because that finding was made during his original asylum proceedings and Du failed to file a timely petition for review of that decision. Du asserts that because that finding is directly relevant to the denial of his adjustment of status application, this Court has the authority to review all of his arguments related to the marriage certificate. *See* Both parties are partially correct. The government cor-

rectly asserts that Du's petition for review is timely only with respect to the denial of the BIA's decision denying his adjustment of status application and motion to reconsider his asylum application. This Court has made clear that in reviewing subsequent agency decisions, it is precluded from passing on the merits of the underlying claim for relief, and review must be confined to the denial of the petitioner's motion to reopen the proceedings. *See, e.g., Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001). Because Du failed to file a timely petition for review of the IJ's determination that Du's marriage certificate was fraudulent, this Court is precluded from reaching that issue.

■ However, the IJ's determination regarding the fraudulent marriage certificate was made in the adverse credibility context, as opposed to in consideration of inadmissibility or eligibility for adjustment of status. Analysis of the fraud charge inherently required the IJ to consider factors other than those required as part of an adverse credibility finding, including whether Du "willfully misrepresented" a material fact, and if so, whether he did so with the intention of securing an immigration benefit. Because this Court has jurisdiction to determine whether the IJ erred in its analysis of Du's inadmissibility charge and adjustment of status application, this Court can consider the impact of the fraudulent marriage certificate to the extent that Du argues against the inadmissibility and adjustment of status findings.

This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ There is no dispute that Du submitted the marriage certificate as part of his supporting documents relating to his

asylum claim. By Du's own admission, he intentionally had a document manipulated that would be submitted in support of his claim. Even though his representative had told him to do it, Du is still responsible for his decision to intentionally alter a document. Moreover, Du willfully chose to present a false document to the IJ. This document was also material because the fraudulent document was certainly capable of influencing the IJ in her analysis of Du's marriage. *See Monter v. Gonzales*, 430 F.3d 546, 553–54 (2d Cir.2005) (stating that a misrepresentation is material if it "has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed"). As a result, it is clear that Du willfully submitted a material document with the purpose of obtaining a government benefit, the granting of asylum, and therefore, the IJ's determination that Du was inadmissible under 8 U.S.C. § 1182(a)(6)(i) is supported by substantial evidence. Because the fraud finding is supported by substantial evidence, the IJ's determination that Du was required to obtain a 212(i) waiver before proceeding on his adjustment of status claim was also correct. *See* 8 U.S.C. § 1182(i). Because Du admitted that he did not have any qualifying relatives to obtain the 212(i) waiver, the IJ was reasonable in denying Du's adjustment of status application.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*,

413 F.3d at 233–34; *Ke Zhen Zhao*, 265 F.3d at 93 (internal citations omitted).

■ Du submitted numerous documents in support of his motion to reopen, and he argues that the IJ failed to consider all of the documents even though they were not available at the time of his initial asylum hearing. Du fails to acknowledge, however, that the regulations require a movant to submit documents that "[were] not available and could not have been discovered or presented at the former hearing" in order to succeed on a motion to reopen. 8 C.F.R. § 1003.2(c)(1). Many of the documents Du submitted in support of his motion, although not in his possession at the time of his initial hearing, could have been obtained at that time. Accordingly, the agency did not abuse its discretion in failing to consider these documents in support of Du's motion to reopen his asylum proceedings.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).